**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:98CR124-DJS |
| ) | |
| **CARLTON BASS,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On July 14, 1998, defendant Carlton Bass was found guilty by a jury of possession with intent to distribute cocaine. On October 2, 1998, the Court overruled defendant's objection to the presentence report relating to an enhancement of defendant's base offense level (based on defendant's career offender status), found defendant to have an offense level of 37, and sentenced defendant to 360 months imprisonment. Defendant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. That court found defendant's appeal to be without merit, and affirmed this Court's rulings.

Now before the Court is defendant's unopposed motion to correct a clerical error in the record and judgment [Doc. #90]. Defendant contends that, when enhancing defendant's sentence pursuant to §4B1.1, the Court incorrectly used the maximum penalty found in 21 U.S.C. § 851, life imprisonment, as defendant's statutory maximum term of imprisonment.[1] Defendant argues that,

---

[1] The Court's use of 21 U.S.C. § 851 for the maximum sentence resulted in a guideline imprisonment range of 360 months to life.

since the presentence report never cited to 21 U.S.C. § 851,[2] the government did not give proper notice to defendant of its intent to enhance defendant's sentence. Accordingly, defendant argues the Court should have used the maximum penalty contained in 21 U.S.C. § 841(b)(1)(B), which is forty years. Defendant argues that this change will result in a lower offense level and a lower guideline imprisonment range.[3]

Defendant brings his motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which allows the Court to amend <u>clerical errors</u>. However, the type of error defendant alleges is not a clerical error, but rather goes to the merits of

---

[2]21 U.S.C. § 851 states in part that:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial...the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). The statute further states that:

> If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

21 U.S.C. § 851(d)(1). The Eighth Circuit Court of Appeals has stated that 21 U.S.C. § 851 "aims to give the defendant notice to comply with due process. The information must give the defendant reasonable notice of the Government's intent to rely on a particular conviction and a meaningful opportunity to be heard." <u>United States v. Curiale</u>, 390 F.3d 1075, 1076 (8th Cir. 2004).

[3]It appears that, had the Court used forty years instead of life as the statutory maximum, defendant's offense level would have been 34, and his guideline imprisonment range would have been 262 months to 327 months.

the Court's decision. "Rule 36 was intended to allow correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal had elapsed." United States v. Jones, 608 F.2d 386, 389 (9th Cir. 1979). Accordingly, the Court finds that defendant's motion is a motion to correct or reduce his sentence.

The Court's authority to correct or reduce a sentence previously imposed is strictly limited under Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. §3582(c). Because those provisions do not allow a reduction of defendant's sentence for the reasons cited by him here, the Court lacks the authority to alter defendant's sentence in the manner he requests.

Further, the Court notes that defendant has previously raised sentencing issues, both with this Court and with the Eighth Circuit Court of Appeals. Both courts have denied the relief defendant requests. Notably, the Eighth Circuit Court of Appeals stated that defendant's contentions that this Court improperly admitted evidence of his earlier convictions and incorrectly considered two of defendant's earlier convictions are "without merit." United States v. Bass, No. 98-3600, slip op. at 1, 1999 WL 427508, at *1 (8th Cir. June 21, 1999).

Finally, the Court notes that on July 9, 1998, the government filed a criminal information (styled as a "memorandum detailing past felonies" on the docket sheet) which prayed that, in the event of defendant's conviction, defendant be sentenced pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851. Consequently, it

- 3 -

appears the government satisfied its burden to notify defendant of its intent to rely on a particular conviction to enhance defendant's sentence.

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant's motion to correct a clerical error in the record and judgment [Doc. #90] is denied.

Dated this __7th__ day of August, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE
